Caldwell, J.
This cause is reserved from the county of Holmes,, on a motion for a new trial. The case was tried before a jury in the district court, for Holmes county, and a verdict rendered for the plaintiff. The case had also been tried by a jury in the court of common pleas, and a verdict also rendered for the plaintiff. After the trial in the district court, and before judgment, a motion was made for a new trial, on the ground that one of the jurors, Joseph Tidball, had been on the jury that tried the cause in the-common pleas. The motion was reserved for decision in this court. And the simple question presented is, whether the court, under this state of fact, should set aside the verdict and grant a new-trial ?
It has always been regarded as the sacred duty of the court to-see that, as far as it can be obtained, parties should have a fair trial before an impartial and unprejudiced jury. From the manner in. which a jury is selected, the greatest care has always been found necessary to guard against fraud and imposition in the impaneling of a jury. The parties to a suit are frequently entirely unacquainted with the character of the jury, without any means of knowing what may be their prejudices, either general, or in reference to the particular case to be tried.
Experience in judicial proceedings will teach any one that great care is necessary to prevent persons from getting on the jury who-have already made up their minds in favor of a particular verdict; who, perhaps, attend court for the purpose of being called on the *145 jury to assist oue of the parties to the suit. It may be laid down as a general rule, that whenever, after verdict, it appears that any fraud or imposition has been practiced, by which a fair trial has-been prevented by an impartial jury, that was unknown to the party injured thereby, and which could not have been prevented by proper vigilance on his part, the court, on application, should set- aside the verdict, and grant a new trial. But whilst these ^duties are imposed on the court, duties of a similar character arc imposed on the parties themselves. There are many safeguards thrown around the jury for the protection of parties, that they are expected to claim before the jury are sworn, if they would have the advantage of them. They may challenge any of the persons called as jurors for cause, may challenge the whole array, and in all cases may send two persons peremptorily from the panel; these rights, however, all require to be exercised at the proper-time. It would be a trifling with the forms of justice to permit a party to waive these rights that he should exercise before the jury are sworn, and run the chances of a verdict, and after it had gone-against him, to use it for the purpose of obtaining a new trial. This would be using provisions, made for the sole purpose of affording a fair trial, as the means of obtaining an unfair advantage. Now, in the present case, if the defendant had made the-fact known to the court before the jury wore sworn, that this person had been on the jury in the trial in the common pleas, it would have been good ground of challenge for cause. It does not, however, appear that there was any reason why defendant should not have discovered that the juror called belonged to the former jury in the case, as well before as after the trial in the district court. The record of the former trial showed the fact; and there is no-evidence showing that the defendant had not access to it. Ordinaiy prudence would have required him to examine it. It does not appear that any question was put to the jury called in the district court, as to whether they had any of them been on the former-jury. Under these circumstances the defendant, not having made-use of the means in his power to prevent the occurrence before the trial, is now precluded from raising the objection. Judgment will,, therefore, be entered on the verdict.